UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GUSTAVO A. R. G.,[1]

Petitioner,

v.

WARDEN, *et al.*,

Respondents.

Case No. 1:26-cv-01874-JLT-FJS (HC)

ORDER DIRECTING RESPONDENTS TO FILE STATUS REPORT IN SEVEN (7) DAYS

ORDER FOR PETITIONER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER

FOURTEEN (14) DAY DEADLINE

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The instant Petition was filed on March 9, 2026. (ECF No. 1.) Petitioner prays for issuance of a writ to hold a hearing to determine whether Petitioner's detention is warranted. (*Id.* at 17 ¶ 2.) The government acknowledges that Petitioner is detained under 8 U.S.C. § 1226(a) and is eligible for a bond hearing before an immigration judge. (ECF No. 9 at 1.)

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

On July 14, 2026, Respondents filed a status report indicating that Petitioner appeared with counsel at a bond hearing scheduled for July 2, 2026. (ECF No. 14.) At this hearing, counsel for Petitioner withdrew the request for the custody re-determination hearing, and the request to withdraw was granted without prejudice. (ECF No. 14-1.)

Petitioner previously had a master hearing scheduled for July 29, 2026. (*See* ECF No. 15, citing Executive Office for Immigration Review Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation/ (search conducted on July 21, 2026, utilizing Petitioner's alien number).) Considering the issues presented and the status of Petitioner's immigration proceedings, the court ordered Petitioner to provide a brief status update indicating whether he intended to request a custody redetermination hearing before the July 29, 2026, master hearing, and why the instant Petition's prayer for a custody redetermination should survive Petitioner's voluntary withdrawal of the July 2, 2026, bond hearing. (ECF No. 15.) Petitioner's response was due on or before July 28, 2026. (*Id.*)

Petitioner did not file a response or otherwise communicate with the court. It now appears Petitioner has an individual hearing scheduled for August 31, 2026. *See* Executive Office for Immigration Review Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation/ (search conducted on August 3, 2026, utilizing Petitioner's alien number).

Considering the issues presented in this matter, it is HEREBY ORDERED as follows:

1. Within <u>seven (7) days</u> from the date of service of this order, Respondents are ORDERED to provide a brief status update indicating whether Petitioner has requested and/or appeared at a new custody redetermination hearing since July 2, 2026;
2. Within <u>fourteen (14) days</u> from the date of service of this order, Petitioner is ORDERED TO SHOW CAUSE, by written response, why the Petition should not be dismissed, without prejudice, due to Petitioner's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b);
3. Petitioner may comply with this order by filing a brief status update indicating whether Petitioner intends to request a custody redetermination hearing before August 31, 2026,

individual hearing, and why the instant Petition's prayer for a custody determination should survive Petitioner's voluntary withdrawal of the July 2, 2026, bond hearing; and

4. If Petitioner fails to comply with this order, this action may be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **August 11, 2026**

UNITED STATES MAGISTRATE JUDGE